IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>DAKOTA COUNTY, NEBRASKA, a Political Subdivision; and LEONARDO DAVALOS, in his individual capacity,<br><br>Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

Defendants Dakota County, Nebraska ("Dakota County") and Leonardo Davalos ("Davalos") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this case from the District Court of Dakota County, Nebraska to the United States District Court for the District Nebraska. In support of removal, Defendants jointly state as follows:

1. On October 31, 2025, Plaintiff Alexander Peterson ("Plaintiff") filed his Complaint in the District Court of Dakota County, Nebraska in an action captioned *Alexander Peterson v. Dakota County, Nebraska, a Political Subdivision, and Leonardo Davalos, in his individual capacity*, Case No. CI 25-191 (the "District Court Action"). A true and accurate copy of the Complaint filed in the District Court Action is attached hereto as Exhibit A and is incorporated herein by this reference.

2. On November 8, 2025, Davalos was served with Summons and a copy of the Complaint in the District Court Action.

3. On November 20, 2025, Service Return for Davalos was filed in the District Court Action.

4. On November 12, 2025, Dakota County was served with Summons and a copy of the Complaint in the District Court Action.

5. No Service Return for Dakota County has been filed in the District Court Action to date.

6. No further proceedings have taken place in the District Court Action other than issuance of Summonses on Defendants.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims in the Complaint arising under the Constitution and laws of the United States. Pursuant to 28 U.S.C. § 1367, this Court may also exercise supplemental jurisdiction over Plaintiff's related state causes of action because they form part of the same case or controversy and derive from a common nucleus of operative fact with Plaintiff's federal claims.

8. This action is removable to the United States District Court for the District of Nebraska pursuant to the provisions of 28 U.S.C. § 1441, which provides that any civil action brought in a state court where the District Court of the United States has original jurisdiction is removable to the District Court of the United States District Court, embracing the place where such action is pending.

9. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days after Defendants were served with a copy of Plaintiff's Complaint.  The time within which Defendants are required to answer or otherwise respond to Plaintiff's Complaint has not expired.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be given to all parties, and a copy of this Notice of Removal will be filed with the Clerk of the District Court of Dakota County, Nebraska.  A copy of the Notice of Filing Notice of Removal to be filed in the District Court of Dakota Count, Nebraska, without attachments noted therein, is attached hereto as Exhibit B.

WHEREFORE, the allegations of Plaintiff's Complaint establish that this Court has original jurisdiction of this action by reason of federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's related state causes of action pursuant to 28 U.S.C. § 1367. Defendants respectfully gives notice that the action pending in the District Court of Dakota County, Nebraska, captioned *Alexander Peterson v. Dakota County, Nebraska, a Political Subdivision, and Leonardo Davalos, in his individual capacity*, Case No. CI 25-191 is removed to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §§ 1441 and 1446.

**DEFENDANTS DAKOTA COUNTY, NEBRASKA AND LEONARDO DAVALOS DESIGNATE OMAHA, NEBRASKA AS THE PLACE OF TRIAL.**

Dated this 26th day of November, 2025.

DAKOTA COUNTY, NEBRASKA, and
LEONARDO DAVALOS, Defendants,

By:   /s/ *Ryan M. Kunhart*
Ryan M. Kunhart, #24692
Laura L. Thompson, #28535
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
402-934-4770
402-933-9630 (facsimile)
rkunhart@ddlawgroup.com
lthompson@ddlawgroup.com

Attorneys for Defendant Leonardo Davalos.

          By: *s/Katharine L. Gatewood*
             Katharine L. Gatewood, #25238
             Governmental Law, LLC
             8040 Eiger Drive, Suite B
             Lincoln, NE 68516
             (402) 742-9240
             kate@nrmainc.info

         Attorney for Defendant Dakota County

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2025, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participations, including the following:

Adam J. Sipple
Sipple Law
12020 Shamrock Plza Ste 200
Omaha, NE 68154
402-778-5055
adam@sipple.law

             */s/ Ryan M. Kunhart*
             Ryan M. Kunhart

Filed in Dakota District Court
*** EFILED ***
Case Number: D70CI250000191
Transaction ID: 0024088901
Filing Date: 10/31/2025 02:35:50 PM CDT

**District Court, Dakota County, Nebraska**

| | |
|---|---|
| Alexander Peterson,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Dakota County, Nebraska, a Political Subdivision, and Leonardo Davalos, in his individual capacity.<br><br>　　　　　　　　　Defendants. | Case No.  CI<br><br><br>**Complaint**<br>**(Civil Rights)** |

　　　For his complaint against Dakota County and Leonardo Davalos, Alexander Peterson, Plaintiff, states and alleges as follows:

　　　1.　　He is a resident of Sioux City, Nebraska.

　　　2.　　Dakota County, Nebraska, is a political subdivision subject to suit in accordance with Political Subdivisions Tort Claims Act.

　　　3.　　Leonardo Davalos, Defendant, is a law enforcement officer employed by the South Sioux City Police Department. At all times relevant herein, he was acting under color of law. He is sued in his individual capacity.

　　　4.　　This court exercises jurisdiction pursuant to *Nev. Rev. Sta.* § 24-302.

　　　5.　　All material events alleged herein occurred in South Sioux City, Dakota County, Nebraska.

　　　6.　　On April 11, 2024, Peterson was present with Monte Hansen in the area of some storage sheds near 4201 Dakota Avenue. Hansen entereed into one of the sheds and asportated a chair from the unit.



EXHIBIT A

1

7. When Officer Davalos arrived, Peterson was seated in Hansen's vehicle.

8. Peterson had not broken into the unit.

9. Peterson had not taken anything from the unit.

10. He had committed no act in furtherance of or to aid Hansen's conduct.

11. The manager of the storage facility advised Davalos she did not wish Peterson to be arrested or charged.

12. Davalos arrested Peterson and transported him to the Dakota County Jail.

13. At the jail, both Office Davalos and staff employed by Dakota County failed to ensure that Peterson was identified, photographed, medically screened, or that his admission was otherwise documented.

14. Peterson had been to the facility before. The facility's records reflected that Peterson suffers from mental health disorders.

15. Instead of following booking procedures, jail staff placed Peterson in a cell.

16. The failure to follow normal procedures caused Peterson to suffer a panic attack.

17. Though Peterson exhibited symptoms of severe anxiety and a severe mental health episode, jail staff failed to monitor or supervise Peterson after he was placed in the cell.

18. While in the cell, Peterson's condition worsened and he began to harm himself while suffering a severe mental health crisis.

19. When jail officials finally checked Peterson, he had severely wounded his forearm and blood covered his face, neck and torso. He was mostly incoherent.

20. As Peterson continued to suffer the mental health episode, and in the absence of any aggressive or assaultive conduct by Peterson, jail officials repeatedly tased him rather than employing de-escalation procedures.

21. Peterson was subsequently admitted to a local hospital for treatment.

22. Peterson was not charged with any criminal offense.

**Damages**

23. As a direct proximate result of the foregoing conduct and breach of Defendants' duties, Peterson suffered stress, anxiety and emotional harm, both temporary and permanent.

24. As a direct proximate result of the foregoing conduct and breach of duties by Defendant, Peterson suffered economic loss in the form of lost wages totaling an amount to be proven at trial but at least as much as $37,000.00 annually from the date of his arrest to the present.

**First Claim – False Arrest – Officer Davalos**
**(42 U.S.C. §1983)**

25. Officer Davalos lacked probable cause to arrest Peterson.

26. The arrest of Peterson was objectively unreasonable, depriving him of his rights under the Fourth Amendment of the United States Constitution.

27. As a result of the arrest, Peterson suffered foreseeable anxiety and emotional harm.

**Second Claim – Dakota County**
**(Negligence)**

28. Jail officials owe a duty of care to those placed in jail custody.

29. As alleged above herein, jail officials breached the duty of care to Peterson in the following particulars:

    a. By failing to identify Peterson;

    b. By failing to check Peterson's jail history;

    c. By failing to medically screen Peterson; and

    d. By failing to monitor Peterson's safety.

30. As a direct and proximate cause of the County's breach, Peterson suffered emotional harm and other damages.

\*

31. On March 20, 2025, Peterson presented the foregoing claims to the Dakota County Clerk pursuant to the Political Subdivision Tort Claim Act. The County has not acted on the claim, which is attached hereto.

WHEREFORE, Plaintiff prays the court enter judgment in his favor and against Defendants awarding compensatory damages that will fairly compensate him for the damages incurred, including but not limited to emotional harm and suffering in an amount determined by the jury and loss of wages in the amount proven at trial but at least $53,000.00.

**Request for Jury Trial**

Plaintiff requests trial by jury of all claims alleged herein.

    Alexander Peterson, Plaintiff

    By: /s/ *Adam J. Sipple,* #20557
    SIPPLE LAW
    12020 Shamrock Plaza
    Suite 200
    Omaha, NE 68154
    402.778-5055
    adam@sipple.law
    *Attorney for Plaintiff*



# SIPPLE|LAW

February 11, 2025

Cherie Conley
County Clerk, Dakota County
1601 Broadway St.
PO Box 39
Dakota City, NE 68731-0039
E-mail: cconley@dakotacounty.ne.gov

**Re:    *Tort Claim Alexander Peterson***
***Date of Incident: May 31, 2024***

Dear Ms. Conley:

    I represent Alexander Peterson regarding his custody at the Dakota County jail the afternoon of May 31, 2024. Please accept this as a claim made in accordance with the *Political Subdivision Tort Claim Act*.

    Investigation reveals that one or more jail officials, including Elisabet DeRoin, who owed a duty of care to Mr. Peterson failed to follow applicable jail standards regarding his admission, supervision, and health. The jail officials further breached their duty of care with respect to Mr. Peterson's custody. More specifically, jail officials did not verify the legality of Mr. Peterson's admission or take inmate photographs for identification purposes; they admitted a person who presented a substantial risk of serious harm to himself; they failed to document the admission; they failed to screen and observe whether Mr. Peterson was in need of medical attention; and they failed to maintain adequate observation of Mr. Peterson. All of this violated NAC Title 81, Chapters 4 and 10 and constituted negligence.

    When the preceding failures led to Mr. Peterson's suffering a mental health crisis, jail officials repeatedly tased Mr. Peterson rather than employing de-escalation procedures or properly addressing his medical needs.

    As a result of the negligence and failure to adhere to applicable jail standards, Mr. Peterson suffered a severe emotional breakdown requiring his admission to a local hospital. He continues to suffer emotional distress and trauma as a result of the foregoing to this day.

    Accordingly, Mr. Peterson asserts claims against Dakota County, Ms. DeRoin and the other yet to be identified jail officials responsible for Mr. Peterson's admission, care and supervision.

*Conley, 2-11-25*
*p. 2*

He demands settlement in the sum of $200,000.00.

Respectfully,

Adam J. Sipple
adam@sipple.law

c:

Kimberley M. Watson
Dakota County Attorney
PO Box 117
Dakota City, NE 6873

Chris Kleinberg
Dakota County Sheriff
1601 Broadway St.
Dakota City, NE 687331

IN THE DISTRICT COURT OF DAKOTA COUNTY, NEBRASKA

| | |
|---|---|
| ALEXANDER PETERSON, | Case No. CI 25-191 |
| Plaintiff, | |
| v. | NOTICE OF FILING<br>NOTICE OF REMOVAL |
| DAKOTA COUNTY, NEBRASKA, a Political Subdivision; and LEONARDO DAVALOS, in his individual capacity, | |
| Defendants. | |

    Pursuant to 28 U.S.C. § 1446, Defendants Dakota County, Nebraska and Leonardo Davalos ("Defendants") hereby file a copy of the Notice of Removal attached hereto as Exhibit A, which Defendants have filed with the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1441 on November 26, 2025.

    By this Notice, Defendants hereby effect removal of this civil action from the District Court of Dakota County, Nebraska to the United States District Court for the District of Nebraska.

    Dated this 26th day of November, 2025.

                                                  DAKOTA COUNTY, NEBRASKA, and LEONARDO DAVALOS, Defendants,

                      By:   /s/ *Ryan M. Kunhart*
                                 Ryan M. Kunhart, #24692
                                 Laura L. Thompson, #28535
                                 Dvorak Law Group, LLC
                                 9500 W. Dodge Rd., Ste. 100
                                 Omaha, NE  68114
                                 402-934-4770
                                 402-933-9630 (facsimile)
                                 rkunhart@ddlawgroup.com
                                 lthompson@ddlawgroup.com

                              Attorneys for Defendant Leonardo Davalos.

**EXHIBIT B**

By:   s/*Katharine L. Gatewood*
Katharine L. Gatewood, #25238
Governmental Law, LLC
8040 Eiger Drive, Suite B
Lincoln, NE 68516
(402) 742-9240
kate@nrmainc.info

Attorney for Defendant Dakota County.

2